JNO. P. THOMAS *v.* PHIL T. WATKINS.

**Trusts—Implied—Creation of by Act of Holder.**
> An implied trust, of funds coming into a persons hands, may be made, by his acts in using the funds on his own volition, to improve property of his wards.

APPEAL FROM DAVIESS CIRCUIT COURT.

June 12, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

Neither party complains of the judgment in so far as it determines the amount to which the appellant is entitled as a

credit on account of money advanced by him for his wards in the purchase of the improvements made upon their land by Hath-away and others. The amount to which said appellant may be entitled on account of boarding, clothing and tuition of his said wards, and on various other claims being yet undetermined by the lower court, cannot be considered upon this appeal, and the only question before this court for revision is the judgment of the circuit court charging appellant with $4,000.00, the amount of the notes surrendered to him by the husband of his deceased sister, Mrs. Craig, in compliance with her wishes, as expressed before her death. By his answer appellant in response to the direct charge that the notes were surrendered to him to be held in trust for the use and benefit of his wards denies the specific charge as made, and says that the defendants (meaning appellees) had no interest in said notes further than he might choose to use the same, directly or indirectly, for their benefit. He admits that he did swear in his deposition that the houses purchased from Hathaway and others for the appellees were paid for with their means, and his pleadings clearly show that at that time, they had no available means whatever, unless the notes received from Mrs. Craig were held for their benefit. And in his letter of April 8, 1865, to appellee Phil T. Watkins he states that he purchased the houses from Hathaway and others with the 33½ acres of land given to him by Mrs. Craig during her life time for *that purpose,* or in other words for any purpose in aiding him in taking care of said appellee and his sisters.

The facts thus admitted, whilst they may not have created an enforceable trust in favor of the appellees, yet imposed upon the appellant a moral obligation to expend the amount of said notes for their benefit, and as he discharged this obligation by the pur-chase of the improvements situate upon their lands, and by so doing invested them with the legal title to the proceeds of said notes, he has made an election in their favor, and by adding to their equity, which was at least equal to his own, the legal title, to the property acquired by the fund, which in morals if not in law, be held in trust for them, he cannot now be allowed to avoid this election, voluntarily made upon a sufficient considera-tion, and claim against them. We are of opinion that the judg-

ment of the circuit court upon this branch of the case is right and proper and the same is therefore affirmed.

*Thompson, Weir,* for appellant.
*Sweeney & S.,* for appellee.